IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

JORGE JIMÉNEZ-VÉLEZ,

Defendant.

CRIMINAL NO. 19-151 (CCC)

**REPORT AND RECOMMENDATION**

Defendant Jorge Jiménez-Vélez was charged in a two-count Indictment and he agreed to plead guilty to Counts One and Two. Count One charges Defendant with possession with intent to distribute five hundred (500) grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1). Count Two charges Defendant with possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A).

On December 4, 2019, Defendant appeared before this Magistrate Judge, since the Rule 11 hearing was referred by the Court. Defendant was provided with a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed his intention to plead guilty to Counts One and Two of the Indictment, upon being advised of his right to have said proceedings before a district judge of this court.[1] Upon verifying through Defendant's statement his age,

---

[1] The form entitled Consent to Proceed before a United States Magistrate Judge in a Felony Case for Pleading Guilty

United States of America v. Jorge Jiménez-Vélez
Criminal No. 19-151 (CCC)
Report and Recommendation
Page 2

education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to Defendant's competency and ability to understand the proceedings.

Having further advised Defendant of the charges contained in above stated Counts One and Two, he was examined and verified as being correct that he had consulted with his counsel, Wilfredo Díaz-Narvaez, prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charges therein, his constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict.  He was also waiving his right to be presumed innocent and for the Government to meet the obligation of establishing his guilt beyond a reasonable doubt.  Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-

(Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

United States of America v. Jorge Jiménez-Vélez
Criminal No. 19-151 (CCC)
Report and Recommendation
Page 3

examine them, through counsel at said trial, as well as present evidence on his behalf.  He

was also waiving the right to compel the attendance of witnesses and that subpoenas be

issued to have them appear in court to testify.  Defendant was specifically apprised of his

right to take the stand and testify, if he so decided, or not to testify, and no inference or

decision as to his guilt could be made from the fact, if he decides not to testify.  Defendant

was also explained his right not to incriminate himself; that upon such a waiver of all

above-discussed rights a judgment of guilty and his sentence were to be based on his plea

of guilty, and he would be sentenced by the judge after considering the information

contained in a pre-sentence report.

As to all the above, Defendant provided an individualized and positive

acknowledgment of each and every waiver and, with the assistance of his counsel,

indicated he freely and voluntarily waived those rights and understood the consequences.

During all this colloquy, Defendant was made aware that he could freely request from this

Magistrate Judge any additional clarification, repetition, or ask questions and that he may

consult with his attorney at any given time as to any issue.

The United States of America and Defendant stipulate for purposes of the plea

agreement that Defendant shall be accountable for conspiring to possess with the intent

to distribute at least one hundred (100) grams but less than two hundred (200) grams of

cocaine, a Schedule II Narcotic Drug Controlled Substance.

Defendant expressed his understanding of the penalties prescribed by statute for

the offenses as to which he was pleading guilty. The statutory penalty for the offense

charged in Count One is a term of imprisonment of at least five (5) years, but not more

than forty (40) years; a fine of not to exceed the greater of that authorized in accordance with the provision of Title 18, United States Code, or five million dollars ($5,000,000.00); a term of  supervised release of at least four (4) years.

However, based on the stipulated amount of narcotics, the defendant faces a term of imprisonment of not more than twenty (20) years and a term of supervised release of at least three (3) years. The Court may also impose a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18, United States Code, or one million dollars ($1,000,000.00).

The statutory penalty for the offense charged in Count Two is a term of imprisonment of at least five (5) years and a maximum term of life imprisonment of life; a fine of not to exceed two hundred and fifty thousand dollars ($250,000.00), pursuant to 18 U.S.C. §3571(b)(3); and a term of supervised release of not more than five (5) years.

The term of imprisonment imposed on Count Two must run consecutively to the term of imprisonment imposed on Count one.

Defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013, for a total of two hundred dollars ($200.00).

Having ascertained directly from Defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document entitled "Plea Agreement (Pursuant to Rule 11(c)(1)(B) of the Federal Rules of

Criminal Procedure)" ("the Agreement") and the "Plea Agreement Supplement"[2] were shown to Defendant, verifying his signature and initials on each and every page.

Pursuant to said Agreement, and insofar as Counts One and Two, as to which defendant already was aware of the maximum possible penalties, defendant was apprised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on him will be.  Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one he might be expecting, for said reason alone, defendant would have no grounds for the court to allow him to withdraw his plea of guilty.

The above-captioned parties' estimate an agreement that appears on page six (6), paragraph nine (9) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. As to Count Two, pursuant to U.S.S.G. §2K2.4(b), the guideline sentence is the minimum term of imprisonment required by statute, which is sixty (60) months.

As to Count One, pursuant to USSG §2D1.1(c)(12), the base offense level is of sixteen (16). Pursuant to USSG §3E1.1, a decrease of three (3) levels is agreed for acceptance of responsibility. Therefore, the total adjusted offense level is of thirteen (13).

The parties do not stipulate as to any Criminal History Category for Defendant.

As to Count One, after due consideration of the relevant factors enumerated in Title

---

[2] Defendant acknowledged discussing the "Plea Agreement Supplement" with his counsel and stated he understood the terms and consequences of the same.  Defense counsel recognized he explained to Defendant the content of the "Plea Agreement Supplement" and explained to Defendant its consequences.

United States of America v. Jorge Jiménez-Vélez
Criminal No. 19-151 (CCC)
Report and Recommendation
Page 6

18, <u>United States Code</u>, Section 3553(a), the parties agree that Defendant may recommend a sentence of imprisonment of no less than twelve (12) months and the Government may recommend a sentence of imprisonment of no more than eighteen (18) months.

As to Count Two, the parties agree and recommend that Defendant be sentenced to a term of imprisonment of sixty (60) months.

The term of imprisonment imposed on Count Two shall run consecutively to the term of imprisonment imposed on Count One.

The United States and Defendant agree that no further adjustments or departures to Defendant's offense level or agreed upon sentence shall be sought by the parties. The parties agree that any request by Defendant for an adjustment or departure will be considered a material breach of the Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

Pursuant to Counts One and Two, Title 18, <u>United States Code</u>, Section 924(d) and Title 21, <u>United States Code</u>, Section 853, Defendant stipulates, acknowledges and agrees to forfeit to the United States the following: (a) any firearm and ammunition involved or used in the furtherance of the commission of the offenses enumerated in Counts One and Two, including, but not limited to: a Glock pistol, Model 23, 9mm caliber, serial number BGNZ017; magazines; and 9mm caliber ammunition; (b) all rights, titles, and interest in all property constituting, or derived from, any proceeds Defendant obtained, directly or indirectly, as a result of the offenses described in Counts One and Two of the Indictment and all property used, or intended to be used, in any matter or part, to commit, or to

facilitate the commission of the violations alleged in Counts One and Two of the Indictment; and (c) a sum of money in United States currency equal to the amount of proceeds obtained as a result of the offense described in Counts One and Two of the Indictment.

If any of the property described above, as a result of any act of omission of Defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

As part of the written Agreement, the Government, the Defendant, and his counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The Government presented to this Magistrate Judge and to Defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the Government had available to establish, in the event Defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and Defendant acknowledged the evidence of the Government was fully disclosed to them and previously discussed between the two. Defendant was also read and shown a document entitled "Stipulation of Facts", which had been signed by Defendant and his counsel and is

United States of America v. Jorge Jiménez-Vélez
Criminal No. 19-151 (CCC)
Report and Recommendation
Page 8

attached to the Agreement, wherein the signature of counsel for the Government also appears. Defendant was able to understand the explanation and agreed with the Government's submission.

Defendant was explained that the Agreement with the Government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which Defendant, his attorney and the Government, have entered.

Having once more ascertained that Defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, Defendant was informed that parole has been abolished under the Advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the Government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

Defendant was informed that he can appeal his conviction if he believes that his guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by his guilty plea. Defendant was also informed that he has a statutory right to appeal his sentence under certain circumstances particularly if the sentence is contrary to law. With few exceptions, any notice of appeal must be filed within fourteen (14) days of judgment being entered in the case. Defendant was also apprised the right to appeal is subject to certain limitations allowed by law

United States of America v. Jorge Jiménez-Vélez
Criminal No. 19-151 (CCC)
Report and Recommendation
Page 9

because his Plea Agreement contains a waiver of appeal in paragraph twelve (12) which was read to Defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with his counsel and understanding its consequences.  Defense counsel acknowledged discussing the waiver of appeal and its consequences with his client.

Defendant waived the reading of the Indictment in open court because he is aware of its content, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Counts One and Two was what he had done and to which he was pleading guilty during these proceedings.  Thereafter, Defendant expressed in no uncertain terms that he agreed with the Government's evidence as to his participation in the offense.  Thereupon, Defendant indicated he was pleading guilty to Counts One and Two of the Indictment in Criminal No. 19-151 (CCC).

This Magistrate Judge after having explained to the Defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Counts One and Two of the Indictment in Criminal No. 19-151 (CCC).

IT IS SO RECOMMENDED.

The sentencing hearing is set for March 5, 2020 at 2:00 pm before Honorable Carmen Consuelo Cerezo, District Judge.

<u>United States of America v. Jorge Jiménez-Vélez</u>
Criminal No. 19-151 (CCC)
Report and Recommendation
Page 10

The parties have fourteen (14) days to file any objections to this report and recommendation.  Amended Fed. R. Crim P. 59 (b)(2).  <u>See</u> <u>also</u> Amended Local Rules. Failure to file same within the specified time waives the right to appeal this order.  <u>Henley Drilling Co. v. McGee</u>, 36 F.3d 143, 150-151 (1st Cir. 1994); <u>United States v. Valencia</u>, 792 F.2d 4 (1st Cir. 1986).  See <u>Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.</u>, 840 F.2d 985, 991 (1st Cir. 1988).

In San Juan, Puerto Rico, this 5th day of December of 2019.

s/ CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE